FILED

In the United States District Court
for the Eastern District of Virginia

| | |
|---|---|
| Marchex Sales Inc. } | 2014 OCT -3 A 11: 22 |
| a Nevada Corporation, } | |
| Plaintiff } | CLERK US DISTRICT COURT |
| } | ALEXANDRIA, VIRGINIA |
| v. } Case No. 1:14cv1306 | |
| } | LO/JFA |
| Tecnologia Bancaria S.A., } | |
| a Brazil Corporation, } | |
| Defendant } | |

## COMPLAINT UNDER 15 USC 1114(2)(d)(iv)-(v) FOR REVERSE DOMAIN HI-JACKING; FOR DECLARATORY RELIEF UNDER THE LANHAM ACT; AND TORTIOUS INTERFERENCE WITH CONTRACT

**NATURE OF THE CASE**

1.  This case is brought pursuant to 15 U.S.C. 1114(2)(D)(iv)-(v) and for declaratory relief pursuant to 28 U.S.C. 2201-2202 to establish that Plaintiff's registration and use of the internet domain names <banco24horas.com> and <banco24horas.net> (the "Domain Names") is not unlawful under the Anti-cybersquatting Consumer Protection Act (15 U.S.C. $ 1125(d)("ACPA") or otherwise under the Lanham Act (15 U.S.C. $ 1051 et. seq.), and to prevent the transfer of the Domain Name to Defendant, which were ordered in an administrative panel decision notified on September 26, 2014 under the Uniform Domain Name Dispute Policy ("UDRP") in a proceeding captioned: *Tecnologia Bancaria S.A. v. Marchex Sales Inc.*, WIPO Case No. D2014-0834.

1

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 because this cause arises under 15 U.S.C. 1114 in that Plaintiff is the registrant of a domain name has been suspended, disabled, or transferred under a policy provided by the registrar thereof relating to alleged conflict with a trade or service mark claimed by the Defendant.

3. This Court has personal jurisdiction over Defendant because Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the Uniform Domain Name Dispute Resolution Policy (the "UDRP") concerning the Domain Name. Specifically, Defendant agreed in its UDRP complaint to submit to jurisdiction of the registrar in connection with a challenge of a UDRP decision ordering a transfer of the Domain Names.

4. The registrar for the Domain Names is Network Solutions LLC, having a principal place of business in Herndon, Virginia, and an address of 13861 Sunrise Valley Drive, Herndon, Virginia 20171, in this judicial district.

5. Defendant has directed activity into this judicial district with the intent to deprive Plaintiff of rights under a contract having a situs in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) and (2).

**PARTIES**

7. Plaintiff Marchex Sales Inc. is a corporation of Nevada, with a principal address of 6700 Via Austi Parkway, Suite D, Las Vegas, NV 89119. Marchex Sales Inc. is a wholly-owned subsidiary of Marchex Inc., a public corporation headquarted in Seattle, Washington.

8. On information and belief, Defendant Tecnologia Bancaria S.A. is a corporation of Brazil having a principal address of Av. Andromeda, 2000 Bloco 1., Barueri, Sao Paulo, SP Brazil 06473-000.

**FACTS**

8. Plaintiff is an online advertising company which maintains a sizeable portfolio of domain names comprising simple words, short phrases, and other descriptive and common terms for the purpose of providing websites through which businesses corresponding to the domain names are advertised.

9. Two of the domain names utilized by Plaintiff for advertising purposes are <banco24horas.com> and <banco24horas.net>. The phrase "banco 24 horas" means "24 hour bank" in Spanish, the second most widely-spoken language in the United States. The Domain Names have been registered and used by Plaintiff for more than seven years prior to this action to provide websites advertising banks and banking services. The Plaintiff's websites are accessible 24 hours a day.

3

10.     Notwithstanding Plaintiff's senior use of the Domain Names in the United States, on 21 November 2011, Defendant filed US Trademark Registration Application No. 85/478047 for a figurative presentation of "BANCO24HORAS" for "ATM banking services" with the United States Patent and Trademark Office (USPTO). The Complainant's application was refused on 8 March 2012; the Defendant responded on 6 September 2012; the application was then finally refused on 7 October 2012, and abandoned 6 May 2013.

11.     In refusing the Defendant's application for trademark registration, the USPTO Examining Attorney stated:

> "The English equivalent of 24 HORAS term is "24 hours," which is commonly used in the banking industry to indicate that a services is offered 24 hours per day. [...] Further, the English equivalent of BANCO is the term BANK, which is commonly used to indicate that services are related to banking services. [...]
>
> In this case, both the individual components and the composite result are descriptive of applicant's goods and/or services and do not create a unique, incongruous or nondescriptive meaning in relation to the goods and/or services. Specifically, BANK 24 HOURS is not incongruous and immediately conveys knowledge that the establishment offers bank services available 24 hours per day.
>
> [...]
>
> Because BANCO24HORAS merely describes a feature of applicant's services, applicant's mark is refused registration under Section 2(e)(1) of the Trademark Act."

12. The USPTO's final refusal of Defendant's trademark registration application is consistent with an earlier refusal of the USPTO of US Application No. 73/42,3471 for "Mini-Banco 24 Horas for "Automatic Teller Machine Banking Services" filed by Banco de Ponce of Puerto Rico, which was likewise finally refused and abandoned.

13. The Defendant did not appeal final refusal of its trademark registration application, and abandoned its application for trademark registration.

14. The domain registration contract governing Plaintiff's registration of the Domain Names with Network Solutions LLC incorporates as a "Dispute Policy" the Uniform Domain Name Dispute Resolution Policy (UDRP), under which a third party may request transfer of rights under said contract to such party on the basis of a claim of trade or service mark rights. The UDRP is a mandatory administrative proceeding, which provides in pertinent part:

> "k. **Availability of Court Proceedings.** The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and

3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name."

15. Notwithstanding the USPTO's denial of Defendant's claim under the Lanham Act, the Defendant proceeded, on or about May 20, 2014, to file a complaint under the UDRP with the World Intellectual Property Organization.

16. In the UDRP complaint, Defendant admitted to the jurisdiction of this court as follows:

> **"IX. Mutual Jurisdiction**
> (Rules, para. 3(b)(xiii))
>
> [15.] In accordance with Paragraph 3(b)(xiii) of the Rules, the Complainant will submit, with respect to any challenges that may be made by the Respondent to a decision by the Administrative Panel to transfer the domain name that is the subject of this Complaint, to the jurisdiction of the courts at the location of the principal office of the concerned registrar"

17. In the UDRP complaint certified:

> **"XIII. Certification**
> [...]
> The Complainant certifies that the information contained in this Complaint is to the best of the Complainant's knowledge complete and accurate, that this Complaint is not being presented for any improper purpose, such as to harass, and that the assertions in this Complaint are warranted under the Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument"

18. At the time the Defendant admitted to jurisdiction in this District, and certified the UDRP complaint to be "complete and accurate" the Defendant knew its claim of rights under the Lanham Act - the applicable law of the Mutual Jurisdiction - had been finally refused by the USPTO. The Defendant did not disclose refusal of its claim under the Lanham Act in its certified "complete and accurate" UDRP complaint.

19. On September 26, 2014, the World Intellectual Property Organization notified the parties and Network Solutions LLC of a decision issued by a three-member panel; consisting of a barrister admitted in Australian and Hong Kong, a Swiss trademark attorney, and a US trademark attorney. By a two to one majority, the panel ordered transfer of the Domain Names from Plaintiff to the Defendant.

20. The only US intellectual property attorney appointed to the WIPO panel dissented from the panel decision, stating:

> "'[T]he complainant... misled the panel' [...] by not bothering to disclose its unsuccessful attempt at USPTO registration. Though sloughed off by the Panel majority, this action by a national trademark registry is surely relevant to the circumstances of any basis for Respondent's actual knowledge when registering the disputed domain names (or belief as to a right to register). Even more is it pertinent to Complainant's argument, rejected by the USPTO and contrary to common sense, that its mark is not descriptive. [...]
>
> Complainant has flouted two express provisions of the Rules. [...]
>
> [T]his Complaint is frivolous and a complainant, particularly a represented complainant, should have known it. [...] Complainant has advanced an argument that depends upon distinctiveness of its marks, something the USPTO has twice found not to be the case. All Complainant has alleged is ownership of trademarks and an active business in Brazil. Nothing in the Complaint states or suggests any logical reason why Respondent should

7

have any knowledge of a Brazilian bank or its trademarks. A finding of abuse of this proceeding and an attempt at Reverse Domain Name Hijacking is richly deserved."

21. Under the UDRP, Network Solutions LLC will transfer the Domain Names to the Defendant unless legal action is commenced by in a "court of competent jurisdiction for independent resolution" which counsel for Network Solutions LLC has communicated to Plaintiff to be this Court.

22. On information and belief, at the time the Domain Names were registered by the Plaintiff, the Defendant's alleged mark was neither distinctive nor famous under the Lanham Act, and in fact the Defendant's claim under the Lanham Act was refused and abandoned long after Plaintiff had registered and been using the Domain Names.

23. On information and belief, the Defendant possessed no common law trade or service mark right at the time the Domain Names were registered by the Plaintiff, and the Defendant still possesses no such rights in what has been determined by the USPTO to be a merely descriptive term in connection with banking services.

24. The Plaintiff does not provide ATM banking network services.

25. Contemporaneous with the filing of this Complaint with the Court, Plaintiff has provided notice of the same by email to Defendant through Defendant's authorized representative to receive service, which has been identified to Plaintiff by the Defendant's counsel in the UDRP complaint, specifically c.weinmann@weinmann-zimmerli.ch.

26. This Complaint and a properly issued Summons shall be served upon Defendant in due course.

## FIRST CAUSE OF ACTION – REVERSE DOMAIN HI-JACKING UNDER 15 U.S.C. 1114(2)(D)(IV)-(V)

27. Plaintiff incorporates the allegations set forth in paragraphs 1 through 26 above

28. Plaintiff's Domain Names have been locked beyond Plaintiff's full enjoyment of the benefits of registration thereof in consequence of false statements made by Defendant under a dispute policy (the UDRP) followed by the domain registrar Network Solutions LLC. The Domain Names have been ordered transferred, and would be transferred to Defendant but for this Action.

29. Plaintiff has provided Defendant with notice of this Action.

30. Plaintiff has incurred costs in seeking to prevent transfer of the Domain Names as a consequence of Defendant's false statements.

31. Plaintiff's registration or use of the Domain Names do not violate any cognizable right of the Defendant under the Lanham Act.

32. Plaintiff is being harmed through the loss of it's domains, loss of the income generated and loss of the associated advertising opportunities.

**SECOND CAUSE OF ACTION**
**DECLARATORY RELIEF - 28 U.S.C. $ 2201**
**NON VIOLATION OF LANHAM ACT**

33. Plaintiff incorporates the allegations set forth in paragraphs 1 through 31 above

34. Plaintiff's registration or use of the Domain Names does not violate Defendant's rights under the Lanham Act. In registering the Domain Name, Plaintff did not have "bad faith intent," as provided in 15 U.S.C. 1125(d)(1)(A)(i), to profit from Defendant's alleged trademark. At the time Plaintiff registered the Domain Names, the Defendant's alleged mark was neither "distinctive" nor "famous" as provided under 15 U.S.C. 1125(d)(1)(A)(ii). Marchex had reasonable grounds to believe that its registration and/or use of the Domain Names was a fair use or otherwise lawful, as provided in 15 U.S.C. 1125(d)(1)(B)(ii) in accordance with the directly descriptive meaning of "banco 24 horas".

35. On information and belief, Defendant did not engage in interstate commerce in the United States of America in connection with the manufacture, sale, or transportation of any goods or services denominated as originating with "BANCO 24 HORAS", or any colorable variation thereof, at the time the Domain Names were registered by Plaintiff, and still does not.

36. Defendant does not employ "BANCO 24 HORAS" as a trade or service mark under the Lanham Act.

37. Defendant does not own a registration of "PARVI" as a trade or service mark under the Lanham Act.

38. Defendant's claimed marks are not famous under the Federal Anti-Dilution Act, 15 USC 1125.

39. Plaintiff reasonably believes its registration and use of the Domain Names was and is lawful under the Lanham Act.

40. There is an actual controversy with respect to whether the Defendant is entitled to transfer of the Domain Name. based on Defendant's rights under the Lanham Act.

41. In the absence of a declaration from the Court, Network Solutions LLC will transfer the Domain Name to the control of Defendant, and Plaintiff will suffer immediate and irreparable harm.

42. Plaintiff's registration and use of the Domain Names does not, and is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Plaintiffls goods, services, or commercial activities by Defendant.

43. Plaintiff's registration and use of the Domain Name do not misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiff's or Defendant's goods, services, or commercial activities.

**THIRD CAUSE OF ACTION –TORTIOUS INTERFERENCE**

44. Plaintiff incorporates the allegations set forth in paragraphs 1 through 43 above.

45. Knowing its allegations were not "complete and accurate", Defendant certified otherwise in its UDRP complaint for the purpose of depriving the Plaintiff of its rights under the domain registration contract.

46. Defendant's misrepresentations in the UDRP Complaint were made for the purpose of inducing a mis-application of the dispute policy of Plaintiff's domain registration contract, to cause breach thereof in that the UDRP panel was misled, and the UDRP was mis-interpreted and mis-applied in the course of the UDRP Proceeding.

WHEREFORE, plaintiff respectfully requests judgment against Defendant as follows:

A. Declaration by the Court, pursuant to 28 U.S.C. §2201, that plaintiff's registration, ownership and use of the Domain Names <banco24horas.com> and <banco24horas.net> is lawful and proper and does not infringe on any right the Defendant may claim in the United States;

B. A Judgment that Defendant has attempted unlawfully to interfere with Plaintiff's rights and expectations under its domain name registration contract and has induced a breach thereof by making false statements resulting in mis-application of the dispute policy embodied therein;

C. Cost and expenses, including costs under 15 U.S.C. 1114(2)(D)(iv)-(v) and reasonable attorney's fees;

D.  As this is an action "involving a violation of 15 USC 1125(d)(1)" by way of determining that no such violation in fact has occured, "an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just" as provided under 15 USC 1117(d); and

D.  For such other and further relief as this Court deems just and proper.

Respectfully Submitted this 3rd day of October 2014

Respectfully Submitted

Marchex Sales Inc.
By Counsel

Jonathan Westreich, Esq.
VSB No. 37393
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050
fax: 703-548-1831
jonathan@westreichlaw.com
    and
Stevan Lieberman, Esq.
Greenberg & Lieberman, LLC
2141 Wisconsin Ave., NW Suite C2
Washington, D.C. 20007
(202) 625-7000
Fax: 202-625-70001
Stevan@aplegal.com
    and
John B. Berryhill (pro hac vice pending)
John B. Berryhill LLC
204 E. Chester Pike, First Floor, Suite 4
Ridley Park, PA 19078
(610) 565-5601 voice
(267) 386-8115 fax
john@johnberryhill.com

Counsel to Marchex Sales Inc.