IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARCHEX SALES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:14cv1306 (LO/JFA) |
| ) | |
| TECNOLOGIA BANCARIA, S.A., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on Marchex Sales, Inc.'s ("Marchex" or "plaintiff") motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 11). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On October 3, 2014, plaintiff filed its complaint ("Compl.") under 15 U.S.C. § 1114(d)(iv)-(v) for reverse domain hijacking, declaratory relief under the Lanham Act, and tortious interference with contract. (Docket no. 1). Prior to effecting formal service, plaintiff provided notice of this action to defendant's "authorized representative" by e-mail at c.weinmann@weinmann-zimmerli.ch. (Compl. ¶ 25). Plaintiff later served the defendant by Federal Express at its last known place of business and provided confirmation of delivery as directed by the court in a prior Order. (Docket nos. 6, 8-3).

Plaintiff filed a request for entry of default on March 20, 2015. (Docket no. 7). Thereafter, the Clerk of Court entered a default against defendant Tecnologia Bancaria S.A.

1

("Tecnologia") on April 2, 2015 pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Docket no. 10).[1] On April 15, 2015, plaintiff filed and served its motion for default judgment, memorandum in support, and notice of hearing for May 1, 2015. (Docket nos. 11–13). On May 1, 2015, plaintiff's counsel appeared at the hearing on the motion for default judgment before the undersigned and no one appeared on behalf of the defendant.

## Factual Background

The following facts are established by the complaint (Docket no. 1) and the memorandum in support of plaintiff's motion for default judgment (Docket no. 12).

Plaintiff is an online advertising company which maintains a large portfolio of domain names comprised of simple words, phrases, and other common terms for the purpose of providing websites through which businesses corresponding to the domain names are advertised. (Compl. ¶ 8).[2] Two of the domain names used by the plaintiff for advertising purposes form the basis of the dispute currently before this court: <banco24horas.com> and <banco24horas.net> ("subject domain names"). (Compl. ¶ 9).

Plaintiff registered the subject domain names more than seven years ago and has used those domain names to provide websites advertising banks and banking services. (*Id.*). The registrar for both subject domain names is Network Solutions LLC ("Network Solutions"), which maintains its principal place of business in the Eastern District of Virginia. (Compl. ¶ 4). Network Solutions is accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN") and ICANN provides varying degrees of oversight in the domain-name registration market and requires most types of trademark-based domain name disputes to proceed under the

---

[1] The reference to "Tecnologia Barcaria S.A." in the Entry of Default appears to be a typographical error influenced by the incorrect styling of the case as "Marchex Sales Inc. v. Tecnologia Barcaria S.A." in the court's electronic case filing system.

[2] The complaint contains two paragraphs designated with the number 8. This citation refers to the second paragraph numbered 8.

2

Uniform Domain-Name Dispute-Resolution Policy ("UDRP"). For example, "[d]isputes alleged to arise from abusive registrations of domain names ( . . . cybersquatting) may be addressed by expedited administrative proceedings that the holder of trademark rights initiates by filing a complaint with an approved dispute-resolution service provider." Uniform Domain-Name Dispute Resolution Policy: General Information, https://www.icann.org/resources/pages/help/dndr/udrp-en. In accordance with these regulations, the contract issued by Network Solutions—finalizing the registration of the subject domain names—incorporates the UDRP, "under which a third party may request transfer of rights under said contract to such party on the basis of a claim of trade or service mark rights." (Compl. ¶ 14).

On November 21, 2011, Tecnologia "filed US Trademark Registration Application No. 85/478047 for a figurative presentation of 'BANCO24HORAS' for 'ATM banking services' with the United States Patent and Trademark Office (USPTO)." (Compl. ¶ 10). On March 8, 2012, the USPTO refused Tecnologia's application. (*Id.*). Tecnologia responded to the refusal on September 6, 2012, and a final refusal was issued on October 7, 2012. (*Id.*). Tecnologia failed to appeal the final refusal issued by the USPTO and abandoned the application on May 6, 2013. (Compl. ¶¶ 10, 13).

On May 20, 2014, Tecnologia filed a complaint under the UDRP with the World Intellectual Property Organization ("WIPO") seeking the transfer of the subject domain names. (Compl. ¶ 15). On September 26, 2014, the WIPO panel ordered transfer of the subject domain names to the complainant (Tecnologia). (Compl. ¶ 19). Pursuant to the UDRP, plaintiff filed this complaint which requires Network Solutions to not take any action to implement the WIPO panel decision pending a resolution of the complaint. (Compl. ¶¶ 1, 14, 28).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on defendant's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to the defendant, Tecnologia. (Docket no. 10).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment.

Subject matter jurisdiction to hear trademark matters is conferred on federal courts by 28 U.S.C. §§ 1331 and 1338, "and a claim brought under the ACPA, which amended the Lanham Act, is a trademark matter over which federal courts have subject matter jurisdiction." *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 625 (4th Cir. 2003).

In filing its UDRP complaint, Tecnologia agreed that it would "submit, with respect to any challenges that may be made by the Respondent to a decision by the Administrative Panel to transfer the domain name that is the subject of this Complaint, to the jurisdiction of the courts at the location of the principal office of the concerned registrar." (Compl. ¶ 16). Plaintiff alleges that this court has personal jurisdiction over the defendant because of this agreement "to submit to jurisdiction of the registrar in connection with a challenge of a UDRP decision ordering a transfer of the Domain Names." (Compl. ¶ 3).

While it is clear that the defendant has consented to the jurisdiction of this court for the purposes of challenging the WIPO panel's decision to transfer the subject domain names in the "Mutual Jurisdiction" clause of the UDRP complaint (Compl. ¶ 16), the relief sought by the plaintiff in the complaint before this court and in the motion for default judgment goes far beyond a "challenge" of the WIPO panel's decision. Plaintiff is not only seeking a declaration that its registration and use of the subject domain names is lawful and proper and the domain names should not be transferred to the defendant as ordered by the WIPO panel, it is also seeking an award of damages and attorney's and costs under the Lanham Act.[3]

As discussed during the hearing on May 1, 2015, plaintiff has not alleged any facts that would support a finding of personal jurisdiction over this foreign defendant for claims other than a direct challenge to the WIPO panel's decision to transfer the domain names — the only claim that the defendant agreed to have litigated in this forum. To allow claims other a challenge to whether a domain name should be transferred in accordance with a WIPO decision to be brought against a complainant in a WIPO proceeding based on the mandatory provision that the complainant submit to jurisdiction of the courts at the location of the principal registrar of the

---

[3] While the complaint also contains a claim for tortious interference, it appears that the plaintiff is not pursuing that claim in the motion for default judgment. (Docket no. 11, p. 3).

domain name would greatly and unfairly expand the scope of the agreement and the exposure that any complainant could face by filing a UDRP complaint.

The United States Supreme Court has consistently held that "a party can be forced to arbitrate only those issues it specifically agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1995). The Fourth Circuit has also recognized that whether a party has agreed to arbitrate an issue is a matter of contract interpretation and that a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 92 (4th Cir. 1996) (quoting *United Steelworkers of Am. v. Warrior Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). In a similar vein, the UDRP requires the parties to submit to arbitration only claims concerning the registration of a domain name and a party to a "mutual jurisdiction" clause like the one required in the UDRP complaint should not be forced to submit to the jurisdiction of a foreign forum for any claims that it has not agreed to submit. In the mutual jurisdiction clause relied on by the plaintiff, the agreement is limited to a challenge of a decision to the transfer of the domain name. It is not a broadly worded agreement whereby the complainant agrees to a specific jurisdiction for the resolution of all claims between the parties to be litigated, or even an agreement that all claims arising out of or related to the UDRP complaint to be litigated in the forum. The language is specific; it involves only a challenge to a panel's decision to transfer a domain name. To find that such a provision would subject a party to anything more than a challenge to the panel's decision would be unfair and would be inconsistent with the due process clause of the U.S. Constitution. While it was not required to address the issue directly, in a similar action the Fourth Circuit has recognized the argument made by a defendant that a court

lacks jurisdiction regarding any cause of action other than the challenge to the panel's decision in the UDRP proceeding. *Barcelona.com*, 330 F.3d at 623.

For these reasons, the undersigned magistrate judge recommends a finding that the court has subject matter jurisdiction over this action, that the court has jurisdiction over only the claim concerning the challenge to the WIPO panel's decision, and that venue is proper in this court for that claim.

### Service

On February 10, 2015, plaintiff filed a motion requesting an Order permitting service by Federal Express, or alternatively, by e-mail or publication. (Docket no. 2). Following a hearing before the undersigned magistrate judge on February 20, 2015, the court granted the motion in part and authorized plaintiff to effect service in the following manner:

> (1) plaintiff shall serve the attorney and authorized representative identified in the WIPO complaint by e-mail at: c.weinmann@weinmann-zimmerli.ch and by Federal Express at: Weinmann Zimmerli, Apollostrasse2, Postfach 1021 CH-8032 Zurich, Switzerland; (2) plaintiff shall also serve Jaques Rosenzvaig, the chief executive officer of Tecnologia Bancaria S.A., by Federal Express at: Rua Sao Vicente 237 Sao Paulo, Brazil 01314010.

(Docket no. 6). Although the declaration accompanying plaintiff's request for entry of default failed to provide proof of service, a supplemental submission on March 20, 2015, included signed confirmation receipts from Federal Express. (Docket nos. 8-2, 8-3).

On April 24, 2015, the court received a letter from Weinmann Zimmerli along with copies of various pleadings and e-mails. The letter states, in part:

> WEINMANN ZIMMERLI has only been authorized by the Tecnologia Bancaria S.A. to represent them in the UDRP Proceedings at the WIPO. The defendant has contacted WEINMANN ZIMMERLI initially through their local Brazilian law firm, Tinoco Soares. Since then we have not represented the defendant in any matter whatsoever. To prove this fact, we submit the correspondence with the plaintiff's representatives as well as a statement of Tinoco Soares, which also shows, that we have been only authorized for the UDRP Proceedings.

7

(Docket no. 15). The letter also provides some confirmation with respect to Tecnologia's contact information and suggests forwarding correspondence "to the local Brazilian attorneys of the defendant." (*Id.*). Despite Weinmann Zimmerli's limited representation of Tecnologia, the undersigned magistrate judge recommends a finding that service has been properly accomplished in this matter given the confirmation received from Tecnologia's last known place of business at Rua Sao Vicente 237 Sao Paulo, Brazil 01314010. (Docket no. 8-3). In addition, Tecnologia is clearly on notice that this action has been filed since the registrar Network Solutions notified the defendant that this complaint was filed and that it would not transferred the subject domain names until Network Solutions receives a final decision from this court. (Docket no. 15-2).

### Grounds for Entry of Default

In response to the Order issued by this court on February 20, 2015 (Docket no. 6), plaintiff served the defendant by Federal Express at Tecnologia's last known place of business. The confirmation receipt provided by counsel reflects a delivery date of February 24, 2015. (Docket no. 8-3). Under Federal Rule of Civil Procedure 12(a), the defendant was required to file an answer or response with the Clerk of Court by March 17, 2015. No responsive pleading was filed by the defendant or by anyone else claiming ownership of the subject domain names and on March 20, 2015, plaintiff filed its request for entry of default. (Docket no. 7). Thereafter, the Clerk of Court entered a default against Tecnologia on April 2, 2015. (Docket no. 10). Upon obtaining default, plaintiff filed its motion for default judgment on April 15, 2015 (Docket no. 11), along with a memorandum in support (Docket no. 12), and a notice of hearing for May 1, 2015 (Docket no. 13). Copies of these pleadings were sent to the mailing addresses referenced by the court in the above-mentioned Order. (Docket no. 13).

Based on the foregoing, the undersigned magistrate judge recommends a finding that notice of this action was provided properly, that defendant failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant, Tecnologia.

### **Liability and Relief Sought**

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). Recognizing some variation between the relief sought in the complaint and plaintiff's motion for default judgment, the undersigned magistrate judge recommends this matter be considered pursuant to 15 U.S.C. §§ 1114(2)(D)(iv) and (v). *See* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

The decision rendered by the WIPO panel on September 26, 2014 forms the basis of plaintiff's claim for reverse domain name hijacking under two subsections of the Lanham Act, referred to as "subsection (iv)" and "subsection (v)." Subsection (v) allows a respondent to challenge the decision of an approved dispute-resolution service provider, such as the WIPO, through a civil action.

> A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy [such as the UDRP] . . . may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

15 U.S.C. § 1114(2)(D)(v). Subsection (iv) applies when there is a knowing or material misrepresentation in connection with the UDRP proceeding, whereby the individual responsible for the misrepresentation is held "liable for any damages, including costs and attorney's fees,

9

incurred by the domain name registrant as a result of such action." 15 U.S.C. § 1114(2)(D)(v). The term "action" is defined as "any action of refusing to register, removing from registration, transferring, temporarily disabling, or permanently cancelling a domain name done in compliance with a court order under Section 43(d) or the Lanham Act or through the implementation of a reasonable policy that is consistent with the purposes of trademark law, such as the UDRP." *General Media Communications, Inc. v. Crazy Troll, LLC*, No. 06cv40581, 2007 WL 102988 (S.D.N.Y. Jan. 16, 2007) (quoting 15 U.S.C. § 1114(2)(D)(ii)) (internal quotation marks omitted). Both subsections authorize the court to grant similar forms of injunctive relief, which includes "reactivation of the domain name or [the] transfer of the domain name to the domain name registrant." 15 U.S.C. §§ 1114(2)(D)(iv) and (v).

In order to prevail under subsection (iv), plaintiff must show that Network Solutions took some "action" based on Tecnologia's "knowing and material misrepresentation" before the WIPO and that such action caused plaintiff to suffer damages or incur other costs and attorney's fees. As stated in the complaint, "[a]t the time the Defendant admitted to jurisdiction in this District, and certified the UDRP complaint to be 'complete and accurate' the Defendant . . . did not disclose refusal of its claim under the Lanham Act." (Compl. ¶ 18). Tecnologia's failure to disclose their failed trademark registration was also categorized by a dissenting member of the WIPO panel as a misleading omission that warranted "[a] finding of abuse of this proceeding and an attempt at Reverse Domain Name Hijacking." (Compl. ¶ 20). Following the ruling issued by the WIPO panel, plaintiff alleges that "control of the subject domain name was taken by the Defendant." (Docket no. 12 at 2) ("The Defendant took control of the domain names and had them locked depriving the Plaintiff of the use and enjoyment of its property."). At least one federal district court has held that "[t]emporary disablement constitutes an 'action,' as that term

10

is defined in § 1114(2)(D)(ii)(II)." *GoForIt Entertainment, LLC. v. DigiMedia.com L.P.*, 750 F. Supp. 2d 712, 737 (N.D. Tex. 2010) (Registrar temporarily disabled the defendant's websites after receiving letters from plaintiff alleging that all of defendants' domain names were in violation of the ACPA when, in fact, they were not). Given the allegations in the complaint, the undersigned recommends a finding that even if the court had jurisdiction over the defendant to address plaintiff's claim for monetary damages under this provision, the facts as alleged would not support such a claim. There is no allegation that the defendant misrepresented that it had a U.S. trademark and the issue of the defendant's failed registration was presented to the panel before a decision was made. Even with that information before the panel, the panel ruled in the complainant's favor ordering transfer of the subject domain names.

Subsection (v) also provides a cause of action for reverse domain name hijacking. In order to prevail on such a claim, plaintiff must show

> (1) that it is a domain name registrant; (2) that its domain name was suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. § 1114(2)(D)(ii)(II); (3) that the owner of the mark that prompted the domain name to be suspended, disabled, or transferred has notice of the action by service or otherwise; and (4) that the plaintiff's registration or use of the domain name is not unlawful under the Lanham Act, as amended.

*Barcelona.com*, 330 F.3d at 626. The complaint submitted before the WIPO alleges that Tecnologia's Brazilian trademark "BANCO24HORAS" has been in use since September 25, 1985 and tracks the elements of a claim for cybersquatting under the ACPA.[4] (Docket no. 3-1). The decision issued by the WIPO panel on September 24, 2014 ordered transfer of the subject

---

[4] In order to establish a claim of cybersquatting under the ACPA, Tecnologia must demonstrate that the subject domain names and/or their registrant registered, trafficked in, or used the subject domain names with a bad faith intent to profit and that the domain names are either identical or confusingly similar to a distinctive mark owned by Tecnologia, or, upon a finding that a mark owned by Tecnologia is famous, that the subject domain names are identical or confusingly similar to, or dilutive of, Tecnologia's famous mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). The registration of a mark on the Principal Register is prima facie evidence that the mark is at least descriptive and has acquired distinctiveness. *America Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir.2001).

domain names to Tecnologia, although the specifics of that relief cannot be readily ascertained based on the current submissions. Given the allegations in the complaint, it appears that plaintiff's registration and use of the subject domain names does not violate any provisions of the Lanham Act.

Based on the foregoing, the undersigned magistrate judge recommends limiting recovery to the available declaratory and injunctive relief under subsection (v). As stated in the complainant's filing with the WIPO, Tecnologia agreed to submit to the jurisdiction of the court at the location of the principal office of the concerned registrar "with respect to any challenges that may be made by the Respondent to a decision by the Administrative Panel to transfer or cancel the domain name that is the subject of this Complaint." (Docket no. 3-1). While Tecnologia has submitted to the jurisdiction of this court for the purpose challenging the WIPO decision, the undersigned recommends a finding that the agreement does not apply to claims including the recovery of damages. For that reason, plaintiff should be limited to the declaratory and injunctive remedies provided under subsection (v), which includes a determination that plaintiff's registration or use of the subject domain names is not unlawful under the ACPA and reactivation and/or transfer of the subject domain names to the domain name registrant.

Based on the foregoing, the undersigned magistrate judge recommends a finding that Marchex Sales, Inc.'s registration and use of the subject domain names is lawful and proper under the Lanham Act. The undersigned further recommends that an order be entered directing Network Solutions LLC not to implement the WIPO panel's decision of September 26, 2014 and to remove whatever hold or transfer order is currently pending against the subject domain names: <banco24horas.com> and <banco24horas.net>.

## Conclusion

For these reasons, the undersigned recommends that a default judgment be entered in favor of plaintiff Marchex Sales, Inc. and against the defendant, Tecnolgia Bancaria S.A. The undersigned further recommends that the court enter an Order finding that plaintiff's registration and use of the subject domain names is lawful under the Lanham Act and directing Network Solutions LLC not to implement the WIPO panel's decision of September 26, 2014 and to remove whatever hold or transfer order is currently pending against the subject domain names: <banco24horas.com> and <banco24horas.net>.

## NOTICE TO PARTIES

Failure to file written objections to these proposed findings of fact and recommendations within fourteen (14) days after being served with a copy of the proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of the proposed findings of fact and recommendations and such failure shall bar you from attacking on appeal any findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error. A copy of these proposed findings of fact and recommendations shall be sent by mail to the defendant Tecnologia Bancaria S.A. at Rua Sao Vicente 237 Sao Paulo, Brazil 01314010.

ENTERED this 21st day of May, 2015.

_____/s/_____
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia